UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE: )
)
William Collicott Mann and )
Virginia Mathis Mann, )   Case No. 09-80494C-7D
)
Debtors. )
)

OPINION AND ORDER

This case came before the court on February 17, 2011, for hearing on a motion filed by M. Dale Swiggett entitled "MOTION TO (a) OVERTURN WILL MANN'S CHAPTER 7 DISCHARGE, (b) APPOINT A NEW TRUSTEE, (c) CONVERT CHAPTER 7 TO A CHAPTER 11, (d) OVERTURN SALE OF ASSETS TO TRI G GROUP, (e) RECOGNITION OF TWO NEW CLASSES, AND (f) REVIEW OF WORK OUT PLAN PROPOSAL" (the "Motion"). M. Dale Swiggett appeared pro se in support of the Motion. Sara A. Conti, the Chapter 7 Trustee in this case, and James B. Craven, III, the attorney for the Debtors, appeared in opposition to the Motion.

JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. The proceeding initiated by the Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b) which this court may hear and determine.

BACKGROUND

This case was commenced on March 26, 2009, when the Debtors filed a voluntary petition in this court seeking relief under chapter 7 of the Bankruptcy Code. Sara A. Conti was appointed as Trustee on March 31, 2009, and continues to serve as Trustee in this case. When this case was commenced, the Debtors owned real estate located in Alamance County, North Carolina, that had been developed as a golf course known as Quarry Hills Golf Club (the "Golf Course Property"). On July 31, 2009, the Trustee filed a motion seeking court approval of a sale of the Golf Course Property to an entity known as Tri-G, LLC. Following two hearings that were held after due and proper notice, this court entered an order on September 30, 2009, approving the sale of the Golf Course Property to Tri-G, LLC. On October 7, 2009, a closing was held and the Golf Course Property was conveyed to Tri-G, LLC as authorized by the order approving the sale. On December 7, 2009, the Debtors were granted a discharge in this case.

The Motion by Mr. Swiggett was filed on January 12, 2011, nearly two years after the commencement of this case and some fifteen months after the conveyance of the Golf Course Property to Tri-G, LLC. The Debtors and the Trustee each have filed responses to the Motion which raise various objections to the Motion and pray that the Motion be overruled and denied. The first objection raised by the Trustee and the Debtors, and the objection which will be addressed by the court, is lack of standing. The Trustee and the

- 2 -

Debtors assert that Mr. Swiggett is not a creditor in this case nor otherwise a party in interest and therefore does not have standing to seek relief pursuant to the Motion.

ANALYSIS

"In every federal case, the party bringing the suit must establish standing to prosecute the action. 'In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 14, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004)(quoting Worth v. Seldin, 422 U.S. 490, 498 (1975)). The requirement that a litigant must have standing in order to be entitled to seek relief is applicable in bankruptcy cases just as in lawsuits filed in the district court. In re Deist Forest Products, Inc., 850 F.2d 340, 341 (7th Cir. 1988)("The limits on standing are vital in bankruptcy, where clouds of persons indirectly affected by the acts and entitlements of others may buzz about, delaying final resolution of cases.").

In order to establish standing, an entity who invokes the court's authority must show that he has suffered some actual or threatened injury as a result of the defendant's conduct, that the injury can be traced to a challenged action and that it is likely to be redressed by a favorable decision. In re Village Ratheskeller, Inc., 147 B.R. 665, 668 (Bankr. S.D.N.Y. 1992)(citing Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464 (1982)). An actual or threatened injury

- 3 -

exists for purposes of determining whether standing exists when a party's pecuniary interest may be affected by the outcome of the requested adjudication. Id. Consistent with these principles, it is generally held in bankruptcy cases that a party whose pecuniary interests will be directly affected by the requested relief is a party in interest and has standing to seek such relief. See Nintendo Co. Ltd. v. Patten (In re Alpex Computer Corp.), 71 F.3d 353, 356 (10th Cir. 1995); Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson), 5 F.3d 750, 756 (4th Cir. 1993). The term "party in interest" is broader than including only creditors since parties other than creditors may have pecuniary interests that would be directly affected in the bankruptcy case. See In re Barnes, 275 B.R. 889, 892-93 (Bankr. E.D. Calif. 2002). However, the term "party in interest" does not encompass entities that are merely concerned with the results of a bankruptcy proceeding. In re Goldman, 82 B.R. 894, 896 (Bankr. S.D. Ohio 1988); In re Morris Publishing Group, LLC, No. 10-10134, 2010 WL 599393, at *4 (Bankr. S.D. Ga. Feb. 10, 2010)("entity without some kind of direct relationship with the debtor, the debtor's property, or the administration of the bankruptcy estate—an entity that is a stranger to the bankruptcy case—is generally not a party in interest"). "Mere interest in the outcome of the proceeding is not sufficient to meet the standard." Id. A further limitation on standing is that a party must assert his own legal rights and interests and cannot rest its claim or motion on the legal rights or interests of third

parties.  See In re Village Rathskeller, Inc., 147 B.R. at 668; In re Orlando Investors, L.P., 103 B.R. 593, 596 (Bankr. E.D. Pa. 1989).

In the Motion, Mr. Swiggett has moved to convert this chapter 7 case to chapter 11, to "overturn" the sale of the Golf Course Property to Tri-G, LLC, to appoint a new Trustee, to have the court recognize residents of the Town of Swepsonville and non-resident members of the Quarry Hills Golf Club as classes of creditors, to review a proposed "work out" plan and to "overturn" the Debtors' discharge.  Leaving aside whether any of these requests have merit, it is clear that Mr. Swiggett does not have standing to seek any of the requested relief.  Mr. Swiggett has not filed a claim in this case nor is he listed in the Debtors' schedules and nothing has been presented to the court that suggests that he has a claim of any kind against the Debtors or against the estate.  Thus, he is not a creditor in this case.  Nor is there anything in the record that would support a finding that he is otherwise a party in interest with respect to any of the relief sought in the motion.  There is nothing in the record that suggests that Mr. Swiggett had an ownership interest in any of the property administered in this case nor any other pecuniary interests that could be directly affected in this case.  The fact, as suggested by Mr. Swiggett, that some non-resident members of the Quarry Hills Golf Club may have "approached" Mr. Swigett about filing the Motion is immaterial in determining whether he has standing.  There has been no showing that the unnamed

- 5 -

non-resident members themselves would have standing and even if they would, Mr. Swiggett could not gain standing for himself by asserting any rights that they might have. Moreover, the fact that Mr. Swiggett, as a self-described environmental activist and clean water advocate, is concerned about the aspects of this case referred to in the Motion does not give rise to standing for him to seek the relief sought in the Motion since merely being interested in or concerned about a bankruptcy proceeding, without more, cannot give rise to standing to inject ones self into the proceeding.

A determination that a plaintiff or movant lacks standing deprives the court of authority to proceed any farther with the suit or motion and "'the only function remaining to the court is that of announcing the fact and dismissing the cause.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1989)(quoting Ex parte McCardle, 74 U.S. (7 Wall) 506 (1868)). Accordingly, having concluded that Mr. Swiggett lacks standing in this case, it follows that his Motion must be overruled and denied in toto.

IT IS SO ORDERED.

This 25th day of February, 2011.

_William L. Stocks_
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

James B. Craven, Esq.
P.O. Box 1366
Durham, NC 27702

M. Dale Swiggett
5515 Alton Court
Mebane, NC 27302

Sara A. Conti, Trustee